THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* PAUL PHILLIPS, Appellant.

Crimes — disorderly conduct — evidence — causing crowd to collect — insufficiency of evidence to warrant conviction.

1. To sustain a conviction upon a charge of disorderly conduct, in that defendant walked up and down upon the sidewalk in front of complainant's place of business, causing a crowd to collect, there must be some evidence that defendant did collect a crowd and where the place was Broadway and Twelfth street in the city of New York, the time morning, the sidewalk ten or twelve feet wide and the testimony is that the crowd consisted of " two or three or four or five or so on," it is insufficient within the meaning of section 722 of the Penal Law, providing that a person is guilty of disorderly conduct who, in a city of 500,000 inhabitants, " by his actions causes a crowd to collect."

2. A ruling that if there was no strike and defendant was marching up and down in front of complainant's place of business he was guilty of disorderly conduct is erroneous.

(Argued June 2, 1927; decided June 14, 1927.)

APPEAL, by permission, from a judgment of the Court of Special Sessions of the city of New York, entered December 18, 1926, which affirmed a judgment of a Magistrate's Court in the borough of Manhattan convicting the defendant of disorderly conduct.

*Charles Solomon* and *Louis P. Goldberg* for appellant. The offense of disorderly conduct tending to a breach of the peace was not proven. (*People ex rel. Clark* v.

*Keeper, etc.*, 176 N. Y. 465; *People ex rel. Leary* v. *Levy*, 186 App. Div. 444; *People* v. *Fogel*, 167 App. Div. 550; *People ex rel. Frank* v. *Davis*, 80 App. Div. 448; *People ex rel. Gordon* v. *Superintendent*, 65 Misc. Rep. 653; *People* v. *Arko*, 199 N. Y. Supp. 402; *Reed Co.* v. *Whiteman*, 238 N. Y. 545; *Foster* v. *Retail Clerks Protective Assn.*, 39 Misc. Rep. 48; *Segenfeld* v. *Friedman*, 117 Misc. Rep. 731.) The finding of the magistrate that the defendant was guilty of disorderly conduct is against the weight of evidence. (*People ex rel. Bungart* v. *Wells*, 57 App. Div. 140; *People* v. *Arko*, 199 N. Y. Supp. 405; *People ex rel. Frank* v. *Keeper*, 38 Misc. Rep. 233.)

*Joab H. Banton, District Attorney (William B. Moore of counsel),* for respondent.

ANDREWS, J. The defendant was convicted of the crime of disorderly conduct as defined in section 722 of the Penal Law. This provides that a person is guilty of such an offense, who in a city of 500,000 inhabitants with intent to provoke a breach of the peace or by actions whereby a breach of the peace may be occasioned, (1) uses offensive, disorderly, threatening or abusive language, conduct or behavior, (2) acts in such a manner as to annoy, disturb, interfere with, obstruct or to be offensive to others, or (4) by his actions causes a crowd to collect. As the respondent states, this conviction was under a complaint which charges disorderly conduct under one of these definitions and then proceeds to allege the acts constituting the offense, namely, " that said defendant did then and there walk up and down upon the sidewalk in front of deponent's place of business, causing a crowd to collect in front of deponent's place of business." To sustain the conviction, therefore, there must be some evidence that he did collect a crowd. We are told that a crowd is a throng, a great number of persons, a multitude. At best the word is indefinite. Difference in time

and place may shape its meaning. A crowd at midnight might not be a crowd at noon. A crowd in a country schoolhouse might not be a crowd in Washington Square, but there is always implied in the word numbers with reference to the hour and location. Here we have a sidewalk ten or twelve feet wide at Broadway and Twelfth street during the morning. The complainant says this is all the testimony on the subject, that the crowd consisted of " two or three or four or five or so on." Interpreting this evidence in favor of the defendant two would hardly be a crowd within the meaning of this section of the Penal Law, nor would five be so considered, even though we were to take that number.

Without reference to the question whether there is the slightest evidence from which it might be inferred either that Phillips collected those who did collect with intent to provoke a breach of the peace or that a breach of the peace would naturally result from what he did, the conviction is not based upon the evidence. It seems to rest upon the erroneous idea expressed by the magistrate that " if there is no strike and he is marching up and down in front of this place of business he is guilty of disorderly conduct."

The judgment of Special Sessions and that of Magistrate's Court should be reversed and the complaint dismissed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.