THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JOSEPH M. DILLON, Complainant, *v.* NATHAN SCHROEDEMAN, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JOSEPH M. DILLON, Complainant, *v.* DAVID LEVY, Defendant.

City Magistrates' Court of New York, Sixth District, Borough and County of Bronx, January 5, 1929.

*Arkin & Arkin* [*George O. Arkin* of counsel], for the complainant.

*Phillips, Mahoney, Leibell & Fielding* [*F. J. Sullivan* of counsel], for the defendants.

EWALD, City Magistrate. The defendants are charged in three separate complaints with using " threatening, abusive and insulting behavior," in front of premises located at Westchester and Boynton avenues, in the county of Bronx, city of New York, " with intent to provoke a breach of the peace, and whereby a breach of the peace may be occasioned; that said defendants did then and there interfere with the moving picture theatre there situated, known as the Ward Theatre, by carrying a large placard reading: ' Motion Picture Operators, Local 306, affiliated with American .Federation of Labor. Strike in this theatre; ' said placard attracting the attention of a large number of persons, said placard causing said theatre to be commented upon in a detrimental way by many persons in said neighborhood, with intent and purpose of harming the business of said theatre." Each of the defendants is charged with only a single offense.

The language in each of the complaints, except with respect to the date and hour is practically identical. By stipulation between the complainant and the defendants, all of the defendants were tried together.

Not an iota of testimony has been offered by the People even suggestive of the use of threatening or abusive or insulting conduct on the part of the defendants or either of them. The basis of the complaint lies in that the defendants walked " up and down directly in front of the entrance of the theatre " operated by the complainants. It is not claimed that they interfered in any way with prospective patrons or that they blocked the sidewalk. The witnesses describe the defendants' acts of walking on the sidewalk as picketing. But the testimony is conclusive that such picketing .was quiet, orderly and free from violence.

I have examined the testimony carefully for some act on the part of the defendants which may be regarded as tending to a breach of the peace. Section 722 of the Penal Law recites a large

number of objectionable acts which the Legislature has defined as disorderly conduct if done with intent to provoke a breach of the peace. Clearly nothing done by these defendants as disclosed by the record comes within any of the subdivisions of this section. (*People* v. *Phillips*, 245 N. Y. 401.)

The People, however, urge that the act of the defendants in bearing placards representing the existence of a strike when in fact none existed is in itself an act of disorderly conduct.

With this contention I cannot agree. The powers of a magistrate in disorderly conduct cases are circumscribed and limited by section 722 of the Penal Law. While under sections 1458 and 1459 of the Consolidation Act (Laws of 1882, chap. 410) a magistrate may have discretion to find that conduct not strictly within the provisions of the Penal Law may nevertheless constitute disorderly conduct, this discretion is also limited to an act which *reasonably* tends to a breach of the peace. (*People* v. *Nixon*, 248 N. Y. 182.)

Whether the defendants were participants in a labor dispute or not is immaterial; whether or not there was a labor strike at complainant's theatre is not the controlling factor.

I cannot hold as a matter of law that the statement on the placards was untruthful or willfully misleading. I prefer to regard the term "strike" in its broad significance, attaching to a dispute of any kind between labor and capital.

The complainant employs no union labor. He has no contract with any of his employees. He has not discharged any of his employees. However, at least one of his employees shortly prior to the occurrences complained of joined the Motion Picture Operators Union, Local 306. At the trial before me it was assumed by all parties that the union demanded recognition, which the complainant refused to accord.

That constituted the dispute between the parties sufficient in my opinion to justify the bearing of the placards indicating the existence of a strike.

The purpose of a labor union to improve the condition under which its members do their work; to increase their wages; to increase its numbers and to unionize an entire trade or business, has been held by the Court of Appeals to be lawful and justifiable. (*Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260.)

I have examined the brief submitted by the People and the authorities there collated. I would be constrained to follow these decisions and opinions were it not for the fact that they have all been overruled by the Court of Appeals, and are no longer controlling.

In *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin* (245 N. Y. 260, at p. 263) ANDREWS, J., writing for a majority court stated: " Economic organization to-day is not based on the single shop. Unions believe that wages may be increased, collective bargaining maintained only if union conditions prevail, not in some single factory but generally. That they may prevail it may call a strike and picket the premises of an employer with the intent of inducing him to employ only union labor. And it may adopt either method separately. *Picketing without a strike is no more unlawful than a strike without picketing.* Both are based upon a lawful purpose."

The acts of the defendants were entirely lawful. There was no intent to provoke a breach of the peace.

I, therefore, grant the defendants' motion to dismiss in each case. I dismiss all the complaints and discharge the defendants.