Keating, J.
Shortly after midnight on the evening of January 12, 1964 a speeding automobile operated by one Kenneth Case was chased into a municipal parting lot by a police ear. The driver of the car got out and attempted to escape on foot but was apprehended a few minutes later by the policemen in the patrol car, Officers Carlucci and Summa. Case was placed under arrest, brought back to the parking lot, and placed in the police patrol car.
Before giving chase on foot, Officer Carlucci had parked the patrol car in the parking lot in front of a ear belonging to one Allen Stein. Mr. Stein had been in a restaurant and bar which adjoins the parking lot. He was there with his wife and friend, Ronald Smith, a 22-year-old college student, the defendant-appellant.
Prior to the events just described, Stein, feeling “a little dazed ”, left the restaurant alone — instructing his wife to pay the check. Sometime thereafter Stein was joined by his friend Smith.
During the course of the chase, Case, the driver of the speeding vehicle, had apparently received a gash on his forehead and, while Officer Carlucci administered first aid, he instructed Officer Summa to disperse the crowd of some 25 to 30 people which had gathered.
Officer Carlucci testified that “ Patrolman Summa was dispersing the crowd, they started to leave there, and then all of a sudden there was a little crowd behind me. Patrolman Summa came up behind me, and I told him to watch Kenneth Case * * * and I started to disperse the crowd, and first they *214 started moving on, all but two. I found out later that their names were Smith and Stein.”
Carlucei testified further that he told Smith and Stein at least twice to move and “ either wait inside the place or get in your car and leave ”. Neither Smith nor Stein obeyed the order.
“ Q. Did they give you an argument! A. There were words exchanged, yes sir, Smith talking to Stein, ‘ What is going on here, ’ and I told them to move. The crowd started to go until they heard them talking to me and they all came back.
“ Q. Were they talking to you in a loud voice! A. I don’t know if it was loud, but I guess it was hearable.”
The defendant Smith and his friend Stein were then placed under arrest by Officer Carlucei.
Patrolman Summa testified that, during the time he was dispersing the crowd, he had asked Stein and Smith to move at least three time but that they did not obey his order. He then went back to Officer Carlucei who by this time had completed dressing the wound of his prisoner. While he, Summa, watched Case, who was seated in the patrol car, Carlucei took over the job of dispersing the crowd. It was then that the incident related above took place.
Smith and Stein were both charged with violating subdivisions 3 and 4 of section 722 of the Penal Law. That statute provides: “ Any person who with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: * * *
“3 Congregates with others on a public street and refuses to move bn when ordered by the police;
‘ ‘ 4 By his actions causes a crowd to collect, except when lawfully addressing such a crowd ”.
The defendants were found guilty of disorderly conduct by an Acting Police Justice. The defendant Smith appealed to the County Court of Westchester. That court held that, while the record was insufficient to sustain a conviction under subdivision 3, there was sufficient evidence to support the finding that Smith violated subdivision 4. “ In our judgment the 'orders of the police officers were reasonable under the circumstances, and defendant’s refusal to obey such orders which were within the *215 scope of the officers’ lawful authority, reasonably tended to or occasioned a breach of the peace, by causing the crowd to again collect after they had dispersed.” The County Court, therefore, affirmed the disorderly conduct conviction of the defendant.
The defendant appeals to us by permission of an Associate Justice of the Appellate Division.
We believe that the evidence was insufficient to establish the defendant’s conviction for disorderly conduct under subdivision 4 of section 722 of the Penal Law and that the judgment of the County Court should be reversed.
In order to support a conviction under this subdivision it must appear that Smith by his actions ‘ ‘ [1] collected those who did collect with [2] intent to provoke a breach of the peace or that a breach of the peace would naturally result from what he did”. (People v. Phillips, 245 N. Y. 401, 403.)
The evidence indicates that the crowd that allegedly collected as a result of the defendant’s acts had in fact gathered there to view the arrest and apprehension of the driver of the speeding vehicle. While the People contend that this crowd had been dispersed and had regrouped after the defendant and his friend had words with the police officer, the minutes of the trial do not support that conclusion. All that the transcript of the testimony indicates is that the crowd had started to leave in response to the order of Officer Carlucci and then came back. There is nothing to indicate the extent to which the crowd had been dispersed or where they were in relation to Carlucci, Smith and Stein at the time of the incident in question.
This vague and indefinite testimony does not constitute sufficient evidence to establish beyond a reasonable doubt that the defendant caused the crowd to collect.
Further there is nothing in the record indicating that the defendant’s actions were motivated by an intent to breach the peace. He was standing with his friend Stein near the latter’s automobile in a municipal parking lot. According to the testimony of the officers at the time of the incident with Carlucci, the prisoner was under arrest in the patrol car and the necessary first aid. had been given. If the crowd had started to disperse at Officer Carlucci’s request we fail to see how the presence of thg defendant and his refusal to move could indicate an intent to *216 occasion a breach of the peace or for that matter even constitute an act from which a breach of the peace was likely to occur.*
Although we reach the conclusion that the defendant’s conviction should be reversed, this decision should not be construed as an expression of approval of his conduct. Those whose duty it is to enforce the law often operate under difficult and trying circumstances. In performing that duty they are entitled to the co-operation of every citizen.
H reversed and the information dismissed.
Chief Judge Fuld and Judges Van Voorhis, Burke, Scilepbi, Bergan and Breitel concur.
Judgment reversed, information dismissed and the fine remitted.

 A breach of the peace has been defined as “ a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and'quiet of the community.” (People v. Most, 171 N. Y. 423, 429.)