Gibson, J.
The appeal is concerned with the application of the new disorderly conduct statute, enacted as section 240.20 of the revised Penal Law (L. 1965, ch. 1030, eff. Sept. 1, 1967), providing, so far as here pertinent, that: “ A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: 1. He engages in fighting or in violent, tumultuous or threatening behavior ’ ’. The defendant was convicted of a violation of subdivision 1 of the section, after a trial before a Town Justice, without a jury, and his conviction was affirmed upon appeal to the County Court of Chemung County.
The complainant and the People’s only witness was Donald J. Draxler who said that he was a Deputy Sheriff but at the time of the incident in question was off duty and “ moonlighting ” as an employee of an establishment operated by his brother, which he described as ‘‘ a teenage dance club ’ ’ known as the Hullabaloo Club and ‘ ‘ catering strictly to youths between the *248 ages of 14 and 21 ’ ’, who were admitted upon payment of a charge of $1.25. The alleged violation occurred at about 9:45 in the evening, during the dance band’s break, while many of those present were congregated in the so-called smoking area. Draxler went there from his post at the front door, some 35 to 40 feet away, when told that a fight was in progress. Arriving, he saw two boys ‘ ‘ on the floor rolling around and striking at each other * * * [t]heir arms and legs * * * flying.” On the basis of this observation he arrested, charged and arraigned both boys and subsequently, as has been noted, testified on appellant’s trial as the People’s only witness. The “ scuffle ”, as Draxler termed it in his information, was short-lived and there was no evidence of any disturbance or disorder among the others present or any indication that in gathering about the protagonists they were moved by anything more than curiosity or whatever entertainment value the incident afforded.
The defendant, then 17 years old, testified without contradiction, to the aggressive actions of the other boy, James De Haas, in pushing him as he passed by and in then addressing thoroughly provocative epithets to him. The defendant, having testified that De Haas first pushed him, was asked by the prosecutor whether he could “ honestly say who threw the first punch” and said that he could not. His witness said that defendant did. The complainant saw only that ''arms and legs were flying.”
Upon this record, it could be found that the scuffle on the floor was the instant and perhaps reflexive reaction of defendant to De Haas’ physical and vituperative provocation, thus, perhaps, excluding any intent other than that of retaliation; but, in any event, the courts below were not warranted, upon the scanty proof before them, in finding that defendant acted ‘ ‘ with intent to cause public inconvenience, annoyance or alarm ’ ’ or that he “recklessly creat[ed] a risk thereof” (Penal Law, § 240.20). The proscription of the statute, “unlike the former statute (§ 722), is limited to that type of conduct which involves a genuine intent or tendency to provoke a ' breach of the peace ’ or, to use the revision’s more modern phraseology, ‘ to cause public inconvenience, annoyance or alarm ’ (cf. A. L. I. Model Penal Code § 250.2).” (Practice Commentary by Richard G. Denzer and Peter McQuillan, McKinney’s Cons. Laws of N. Y., Book *249 39, Penal Law, § 240.20, p. 128.) The case before us is within the pattern of People v. Perry (265 N. Y. 362, 365), in which onlookers gathered "to gratify curiosity or a desire for amusement ”, and, as respects the curiosity manifested, is not unlike that of People v. Smith (19 N Y 2d 212, 215), in which, although defendant indulged in loud talk and disobeyed a policeman’s order to move on, this court considered that the crowd gathered merely “ to view the arrest and apprehension ” of a miscreant; and the factual situation here is far removed from that in People v. Todaro (26 N Y 2d 325) and the ugly police confrontation there existent, with the threats and obscenities vented by that defendant from a particularly notorious street corner.
Failing, as it does, to demonstrate conscious disruptive intent, this record is also devoid of proof or inference of recklessness such as to engender risk of disruption or disorder, within the alternative provision of the statute. This purely personal clash and momentary teenage flare-up did not contain the seeds of such a crowd reaction nor did it attain the degree of gravity warranting criminal prosecution under the statute; and, of course, acquired no added weight when prosecuted by a sometime law officer then engaged in a private enterprise.
The judgment of the County Court should be reversed, the information dismissed and the fine remitted.