OPINION OF THE COURT
Felix J. Catena, J.
Appeal from three judgments of the Justice Court, Town of *399 Minden (Patterson, J.), rendered February 3, 2000, convicting the defendant twice of disorderly conduct (Penal Law § 240.20 [3]) and once for harassment in the second degree (Penal Law § 240.26 [1]) based upon three separate incidents allegedly occurring in the Village of Fort Plain, New York.
The defendant was charged with committing the above-referenced violations by separate informations. The August 9, 1999, information charged the defendant with yelling and using obscene language while in a public place. The August 13, 1999, information charged the defendant with using obscene language in a public place. The August 30, 1999, information charged the defendant with hitting another person with the intent to harass, annoy, or alarm him. A combined trial was held on January 28, 2000, at the Criminal Part of the Town of Minden Justice Court. The Justice Court found the defendant guilty of the offenses charged by decision dated February 3, 2000. This appeal ensued.*
With regard to the disorderly conduct charges, the defendant contends that the disorderly conduct statute is unconstitutional, the trial evidence was legally insufficient, and the trial court erred in convicting him of using obscene language without finding that he had, in fact, used obscene language. The defendant’s initial argument that the disorderly conduct statute is unconstitutional is without merit (People v Tichenor, 89 NY2d 769). The defendant’s contention that the proof offered at trial was not legally sufficient to establish a violation of Penal Law § 240.20 (3) is meritorious only as to the August 9, 1999, offense (CPL 70.10; People v Munafo, 50 NY2d 326, 331; People v Todaro, 26 NY2d 325, 329; People v Spiegel, 181 Misc 2d 48; People v Palmer, 176 Misc 2d 813, 818-819; People v Houston, NYLJ, Oct. 15, 1997, at 34, col 5 [App Term, 2d Dept]). The defendant’s remaining contention that the trial court erred in convicting him of violating Penal Law § 240.20 (3) without finding that he had used "obscene language is meritorious as to both offenses.
Concerning the August 9, 1999, offense, no proof was offered by the People that the incident was anything other than a private argument between individual disputants over a parking space (People v Munafo, supra, at 330-332). While proof *400 was submitted that a crowd had gathered once police officers were called to investigate, the mere investigation of the occurrence of a possible offense which causes a public disturbance in and of itself should not be imputed to the conduct of the accused (see, People v Smith, 19 NY2d 212, 215). Nor is the arrival of police cars at a scene tantamount to a public disturbance. No proof was submitted that the defendant attempted in any way to incite or invoke the spectators or that any spectator aided or abetted the defendant or was encouraged to do so (People v Munafo, supra, at 332; People v Pritchard, 27 NY2d 246, 248-249). The record is also devoid of any proof demonstrating a conscious disruptive intent on the defendant’s part or that his actions were of such gravity as to cause a crowd reaction (People v Pritchard, supra, at 249).
Turning to the defendant’s final contention, no mention was made in the trial court’s decision of February 3, 2000, that the defendant had used obscene language on either incident constituting the disorderly conduct charges. With regard to the August 9, 1999, incident, the trial court found that the police officer could not identify what the defendant was saying. With regard to the August 13, 1999, incident, the trial court was silent on the issue finding instead that the defendant had been yelling. Thus, the defendant’s convictions for violating subdivision (3) of the disorderly conduct statute were not supported by the trial court’s findings of fact. This court will not substitute its judgment for that of the trial court’s (People v Prochilo, 41 NY2d 759).
Nonetheless, it is well settled that when a defendant is charged with violating a specific subdivision of the disorderly conduct statute, a judgment of conviction will be affirmed if the evidence established a violation of any of the subdivisions of that statute (People v Carcel, 3 NY2d 327, 331; People v Todaro, supra). This court holds that the evidence establishing such a violation must .have been supported by the factual part of the “information” (CPL 1.20 [4]; 100.15 [3]; 100.40 [1] [c]; see, People v Alejandro, 70 NY2d 133). To hold otherwise would deny the defendant the right to be informed of the nature of the acts constituting the charge so as to prepare for trial and would be tantamount to allowing the People to amend the factual part of the information during trial (CPL 170.35 [1] [a]; 100.45 [3]; People v Miles, 64 NY2d 731, 732-733). People v Farmer (36 NY2d 386) is not to the contrary. There, the defendant was charged by means of a “simplified traffic information” (CPL 1.20 [5]; 100.25, 100.40 [2]; Vehicle and Traffic Law *401 § 1192 [9]; see, People v Beattie, 80 NY2d 840, 842-843). Here, the People had jurisdictionally sufficient informations to try the defendant for disorderly conduct undér subdivision (3) of section 240.20 of the Penal Law (see, People v Spiegel, supra). The People have not advanced any alternative theories and this court declines to affirm the defendant’s convictions based on evidence not supported by the informations.
Finally, this court has reviewed the defendant’s contentions with regard to the harassment charge and finds them to be without merit. Contrary to the defendant’s assertions, the defendant’s conviction was based upon adequate, competent evidence legally sufficient to support the defendant’s commission of every element of the offense charged (CPL 70.10, 100.15 [3]; 100.40 [1] [c]). Here, the defendant seeks this court to review the trial court’s determination of the credibility of the witnesses who testified at the lower court proceeding. After having the advantage of viewing the witnesses first hand, the trial court’s determination regarding their credibility is entitled to great deference (People v Prochilo, supra). Upon review of the record below, this court sees no reason to disturb the lower court’s findings.
Accordingly, the judgments of the Town of Minden Justice Court (Patterson, J.), finding defendant guilty of disorderly conduct (Penal Law § 240.20 [3]) based upon incidents which allegedly occurred on August 9 and 13, 1999, are reversed on the law and facts, convictions vacated and informations dismissed. The judgment of the Town of Minden Justice Court (Patterson, J.), finding defendant guilty of the offense of harassment in the second degree (Penal Law § 240.26 [1]) based upon an incident allegedly occurring on August 30, 1999, is affirmed.

 Initially, this court notes that the defendant made application to the Justice Court for a stay of judgment pending appeal. The defendant’s application was granted in error and the resulting order was a nullity (CPL 460.50 [2] [dl; 22 NYCRR 200.31).