OPINION OF THE COURT
Guy H. Mitchell, J.
On March 7, 2016, defendant was issued two summons by a single New York City Police Department (NYPD) officer which directed her to appear in Criminal Court on May 11, 2016. Under docket No. 2016SN016969, defendant is charged with disorderly conduct in violation of Penal Law § 240.20 (6), and under docket No. 2016SN016853, she is charged with pedestrians on roadways in violation of Vehicle and Traffic Law § 1156 (a).
On May 11, 2016, defendant appeared in the SAP2 Part and refused to consent to having her case presided over by a judicial hearing officer (JHO). The court adjourned the case to June 14, 2016. On June 14, 2016, defendant appeared in BTP1 Part along with a prosecutor from NYPD and, because the defendant refused to consent to having her case presided over by a JHO, the court adjourned the case to Part B on July 19, 2016.
By notice of motion served and filed on June 13, 2016, defendant moved to dismiss the informations on both cases pursuant to Criminal Procedure Law § 170.30 as facially insufficient, to preclude NYPD as the prosecutor, and for various other relief. NYPD served and filed its response June 29, 2016, and defendant served and filed a reply on July 8, 2016. The District Attorney of New York County served and filed a notice of motion on September 9, 2016. By papers served and filed on September 15, 2016, defendant objected to the court accepting the District Attorney’s papers.
*1161 Motion to Preclude NYPD as Prosecutor
Defendant’s motion to preclude NYPD from acting as a prosecutor is denied. District attorneys are legally permitted to delegate the prosecution of petty crimes or offenses so long as the district attorney is informed of all the criminal prosecutions in the county (see People v Soddano, 86 NY2d 727 [1995]; People v DeLeyden, 10 NY2d 293 [1961]; People v Czajka, 11 NY2d 253 [1962]; People v Leombruno, 10 NY2d 900 [1961]; Matter of Sedore v Epstein, 56 AD3d 60 [2d Dept 2008])- The February 24, 2016 memorandum of understanding between the District Attorney of New York County and the New York City Police Department describes a permissible delegation of authority.
Motion to Dismiss for Facial Insufficiency
Under docket No. 2016SN016969, on March 7, 2016, at about 5:50 p.m., at the corner of East 12th Street and 4th Avenue, in the County and State of. New York, Police Officer Whelan observed defendant walking with six other people in the roadway. Officer Whelan alleges he told defendant to get out of the street and that defendant refused. Under docket No. 2016SN016853, at the same time and place as above, Officer Whelan allegedly observed defendant walking in a roadway next to an available sidewalk that was safe to use. When Officer Whelan allegedly told defendant to get on the sidewalk, she refused.
An information, or count thereof, is facially sufficient when the factual allegations provide reasonable cause to believe that the defendant committed the offense charged (CPL 100.15, 100.40 [1] [b]). The facts must be supported by nonhearsay allegations which establish, if true, every element of the charged offense (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133, 135 [1987]). However, the standard for pleading a prima facie case is less than the heavy burden of proof beyond a reasonable doubt required at trial (see People v Henderson, 92 NY2d 677, 680 [1999]; People v Smalls, 26 NY3d 1064 [2015] [the prima facie case requirement for a misdemeanor information is not as high as the burden of proof beyond a reasonable doubt required at trial nor is it as demanding a standard as legally sufficient evidence necessary to survive a motion to dismiss based on the proof presented at trial]). While the factual allegations of an information must give the defendant sufficient notice to prepare a defense and prevent the defendant from being twice tried for the same offense, they should be “given a *1162 fair and not overly restrictive or technical reading” (see People v Casey, 95 NY2d 354, 360 [2000]; People v Kalin, 12 NY3d 225 [2009]). When assessing the facial sufficiency of an accusatory instrument, a court must view the facts in the light most favorable to the People (see People v Gonzalez, 184 Misc 2d 262 [App Term, 1st Dept 2000], lv denied 95 NY2d 835 [2000]). However, conclusory allegations are insufficient (see People v Dumas, 68 NY2d 729 [1986]), and a court need not ignore common sense or the significance of the alleged conduct in determining facial sufficiency (Gonzalez, 184 Misc 2d at 264).
Penal Law § 240.20 (6) states that a person is guilty of disorderly conduct when, “with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof!,] . . . [h]e congregates with other persons in a public place and refuses to comply with a lawful order of the police to disperse.” While whether a defendant acted intentionally or recklessly is generally a question of fact, an information charging disorderly conduct must allege nonhearsay facts sufficient to support a prima facie case (see People v Jones, 9 NY3d 259 [2007]; People v Tarka 75 NY2d 996 [1990]).
“In assessing whether an act carries public ramifications, relevant factors to consider are the time and place of the episode under scrutiny; the nature and character of the conduct; the number of other people in the vicinity; whether they are drawn to the disturbance and, if so, the nature and number of those attracted; and any other relevant circumstances” (see People v Weaver, 16 NY3d 123, 128 [2011], citing People v Munafo, 50 NY2d 326 [1980], and People v Pritchard, 27 NY2d 246 [1970]).
Here, the allegations that defendant was walking with six others in the street and that defendant was instructed to get out of the street and refused to do so, provide reasonable cause to believe that defendant intended to cause public disorder and refused a lawful order of the police to disperse. Accordingly, defendant’s motion to dismiss the information charging disorderly conduct for facial insufficiency is denied.
Vehicle and Traffic Law § 1156 (a) provides that “[w]here sidewalks are provided and they may be used with safety it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway.” The allegations that defendant was observed walking in the roadway during rush hour next to a safe sidewalk and did not leave the road when instructed by police provide reasonable cause to believe defendant intention *1163 ally violated Vehicle and Traffic Law § 1156 (a). Accordingly, the defendant’s motion to dismiss the information charging Vehicle and Traffic Law § 1156 (a) for facial insufficiency is denied.
Motion to Compel a Bill of Particulars and Discovery
Defendant’s motion seeking a bill of particulars and discovery is denied as NYPD’s response to defendant’s request is sufficient at this time.
Motion for a Sandoval/Ventimiglia Hearing
Defendant’s motion seeking to preclude the use at trial evidence of defendant’s prior criminal history, and prior uncharged criminal, vicious or immoral conduct is referred to the trial court.
Motion to Preclude Unnoticed Identification and Statement Evidence
Defendant’s motion to preclude any unnoticed identification or statement evidence is referred to the trial court.
Motion for a Voluntariness Hearing
Defendant’s motion to suppress any statements as involuntary is referred to the trial court.
Reservation of Rights
Defendant’s motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).