People v Reynoso (2020 NY Slip Op 51146(U))

[*1]

People v Reynoso (Steven)

2020 NY Slip Op 51146(U) [69 Misc 3d 129(A)]

Decided on October 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570893/14

The People of the State of New York,
Respondent, 
against
Steven Reynoso, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Robert M. Mandelbaum, J.), rendered September 19, 2014, convicting him, upon
his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered September 19, 2014,
reversed, on the law, and accusatory instrument is dismissed.
Defendant was charged with disorderly conduct in violation of Penal Law § 240.20(7)
(creating a hazardous or physically offensive condition by any act which serves no legitimate
purpose). The information alleges that at 10:00 p.m. on a Sunday, defendant was observed
"moving" numerous items from inside his apartment to a common hallway and blocking the
width of the hallway in some areas, causing one individual to require assistance to walk down the
hallway. 
We agree with defendant that the information is facially insufficient, since it failed to contain
nonconclusory factual allegations establishing, prima facie, defendant's commission of the
charged offense (see CPL 100.40[1][c], 100.15[3]), an essential element of which is that
defendant "inten[ded] to cause public inconvenience, annoyance or alarm, or recklessly creat[ed]
a risk thereof" (Penal Law § 240.20; see People v Jones, 9 NY3d 259, 262
[2007]; People v Tarka, 75 NY2d 996, 997 [1990]).
The disorderly conduct statute was designed to proscribe only that type of conduct which has
a real tendency to provoke public disorder (see William C. Donnino, Practice
Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.20 at 27) and is
accompanied by a culpable mental state to create a public disturbance (see People v
Tichenor, 89 NY2d 769, 775 [1997], cert denied 522 US 918 [1997]), or to "threaten
public safety, peace or order" (People v Baker, 20 NY3d 354, 359 [2013]). Thus, a person
may be guilty of disorderly conduct only when the situation extends beyond the exchange
between the individual disputants to a point where it becomes "a potential or immediate public
problem" (People v Weaver, 16 NY3d 123, 128 [2011], quoting People v
Munafo, 50 NY2d 326, 331 [1980]).
Without condoning defendant's conduct, and without considering what other civil or criminal
measures may have been supportable to address defendant's actions, the required intent or
recklessness to create a public disturbance is not fairly inferable from pleaded allegations (see
[*2]People v Mehdi, 29 NY2d 824 [1971]). Absent additional
facts, such as whether any other individuals were present or if defendant attempted in any way to
incite or involve others, the length of the time the items were in and blocking portions of the
hallway, defendant's purpose in putting them there, or whether he was asked and refused to
remove the items (see generally People v Munafo, 50 NY2d at 331-332), we find that the
pleaded facts were insufficient to show a conscious disruptive intent by defendant or an inference
of recklessness "such as to engender risk of disruption or disorder" (People v Pritchard,
27 NY2d 246, 249 [1970]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 2, 2020