Per Curiam.

Defendant was convicted in Justice’s Court of the Town of Cheektowaga, Erie County, of a traffic offense. The complainant was a police officer of the town and the prosecutor was the Deputy Town Attorney who appeared over the objection of the defendant-appellant. The latter urges here that his conviction was invalid because the prosecutor lacked authority. It is no longer open to question that petty crimes or offenses of this nature may be prosecuted in courts of special sessions by administrative officers and attorneys other than the District Attorney (People v. DeLeyden, 10 N Y 2d 293; People v. Leombruno, 10 N Y 2d 900; People v. Schildhaus, 4 N Y 2d 883).
Defendant also urges that he was not tried by a court properly convened or a Judge properly sitting, since the Justice of the Peace of the Town of Cheektowaga, at the time of the trial, was *255 also the Mayor of the Village of Sloan, a village within the town limits of Cheektowaga. Under section 188 of the Village Law the Mayor is made an ex officio member of the Village Police Department. Defendant argues that the office of Mayor, therefore, was incompatible with that of a Justice of the Peace, who was empowered to act as a Police Justice in the village, in the absence of the Police Justice and Acting Police Justice (Code Grim. Pro., § 60). The problem presented is whether the two positions are so incompatible as to nullify completely all convictions in the particular Justice’s Court.
The Justice of the Peace was regularly elected to that office in November, 1959, and took office on January 1, 1960. He was also elected Mayor of the Village of Sloan. Thereafter, the Attorney-General was petitioned to commence a quo warranto proceeding pursuant to article 75 of the Civil Practice Act to remove the Justice from the office of Mayor on the ground that the office was incompatible with the position of Justice of the Peace. The petition was denied.
We find no likely conflict between the two offices. Moreover, the Justice’s office had never been formally vacated or forfeited, and the defendant-appellant could not collaterally attack his right to the judicial office to which he was elected (People ex rel. Sinkler v. Terry, 108 N. Y. 1, 13-14). The exclusive remedy was by way of quo warranto (Curtin v. Barton, 139 N. Y. 505, 511-513; Matter of Carp, 221 N. Y. 643).
The judgment of conviction should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
Judgment affirmed.