■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LAWRENCE WILLIAM WRIGHT, Appellant.— Judgment affirmed. Appellant specifically waived assignment of counsel upon this appeal. Memorandum: It is regrettable, and difficult to understand why, the District Attorney neither submitted a brief nor appeared for argument on this appeal from a conviction after trial on a serious felony charge. It is the duty of every District Attorney to conduct all prosecutions for crimes or offenses cognizable by the courts of the county for which he shall have been elected (County Law, § 700, subd. 1). We feel this requires that he file a brief stating his position concerning an appeal taken by a defendant and to appear for argument unless both sides agree to submit. (See *Matter of Lewis* v. *Carter*, 220 N. Y. 8.) This apparent lack of concern is incomprehensible. This case is clearly distinguishable from *People* v. *Porcaro* (6 N Y 2d 248) and *People* v. *Oyola* (6 N Y 2d 259 and the cases cited therein) in which the indictments or informations were dismissed. The court in each of those cases after considering the record before it which contained among other things not only the testimony of the infant complainant but also the testimony of the defendant denying the charges, held that as a matter of law the charges had not been established beyond a reasonable doubt to sustain a conviction. We have reviewed the record in this case most carefully and in our judgment there is ample evidence to establish defendant's guilt beyond a reasonable doubt. Accordingly the conviction should be affirmed. All concur, except Noonan, J., who dissents and votes to reverse and to grant a new trial, in the following memorandum: The judgment of conviction should be reversed and a new trial granted. The evidence offered by the prosecution was in many essential areas contradictory as well as confusing. It is unimportant that the defendant did not take the stand (which of course he was not required to do) since the testimony of the young complainant, together with that of his mother, was neither clear nor convincing in many respects and fell short of that necessary to prove the charge beyond a reasonable doubt. (*People* v. *Porcaro*, 6 N Y 2d 248; *People* v. *Oyola*, 6 N Y 2d 259; *People* v. *Christie*, 16 A D 2d 598.) (Appeal from judgment of Monroe County Court convicting defendant of sodomy, first degree, assault, second degree, and carnal abuse of a child.) Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.