HON. WILLIAM H. POWER, JR. District Attorney, St. Lawrence County
This is in reply to your letter of November 9, 1977, wherein you pose four questions relating to section 20-2006(2) of the Village Law which reads as follows:
 "2. Upon the adoption of a resolution by the board of trustees of a village authorizing the village attorney or an attorney other than the one regularly employed to prosecute a violator of a village ordinance or local law or a person accused of committing any offense, infraction or criminal act within the village and providing the village attorney or an attorney other than the one regularly employed is designated as an assistant district attorney, as provided by law, to prosecute in the name of the people of the state of New York, the violator of a village ordinance or local law or a person accused of committing any offense, infraction or criminal act within the village, the board of trustees may pay a reasonable compensation to such village attorney or an attorney other than the one regularly employed therefor."
You first ask whether a Village Attorney (or person designated by the village board for that purpose) must be appointed as an Assistant District Attorney in order to "legally" prosecute violations of village ordinances or local laws. The provisions of the above statute are identical to former section 93 of the Village Law. In a 1958 opinion of the Attorney General, 117, we stated that the language in question was not to be construed as prohibiting a Village Attorney from prosecuting violations committed within the Village even though he had not been designated as an Assistant District Attorney. (See, also, 1966 Atty Gen [Inf Opns] 125; 1969 Atty Gen [Inf Opns] 54.) Since the issuance of that 1958 opinion, several cases have arrived at the same conclusion. (See, e.g., People v Schildhaus, 4 N.Y.2d 883 [1958]; People v Van Sickle,13 N.Y.2d 61 [1963]; People v Czajka, 11 N.Y.2d 253 [1962].)
Your second question asks whether section 20-2006(2) authorizes a restriction of the activities of an Assistant District Attorney acting within a village to village ordinances, local laws and possibly traffic infractions. In order to satisfy the duty of prosecution, the District Attorney is granted wide discretion regarding the manner in which his work shall be performed. He is not required to prosecute all minor crimes or offenses committed within the county if it is impracticable for him to do so and he may set up a system whereby the required consent could be conferred on others for a class of cases in advance of the offense, provided that the district attorney receives a report of all cases not personally handled by his office (1969 Atty Gen [Inf Opns] 54). Accordingly, we feel that the activities of an Assistant District Attorney acting within a village or a Village Attorney who has been designated as an Assistant District Attorney may be restricted to specific types of cases.
In your third question you ask whether notwithstanding the provision for payment of a "reasonable compensation" by the Village, without further limitation may the Village look to the county for reimbursement to it of village moneys paid to the Village Attorney as an Assistant District Attorney. As we stated in 1958 Atty Gen [Inf Opns] 117, the purpose and intent of the statute (formerly Village Law, § 93) is "to permit a village to pay a Village Attorney additional compensation for the additional work of prosecution if he is designated an Assistant District Attorney." (Emphasis supplied.) The intent of the Legislature is controlling and must be given force and effect. (See People ex rel. Davies v Cowles, 13 N.Y. 350 [1856]; Cathcart v The Fire Department of the City of New York, 26 N.Y. 529 [1863].)
To conclude that reimbursement from the county is authorized for the services of a Village Attorney acting as an Assistant District Attorney would be contrary to the legislative intent of the statute. We can find no statutory or judicial authority to support reimbursement from the county in the situation where a Village Attorney prosecutes cases involving violations of village ordinances or local laws. The designation of such person as an Assistant District Attorney does not change the fact that the Village Attorney is either an employee or an officer (see 1974 Atty Gen [Inf Opns] 334) of the village and, according to section5-524 of the Village Law, the reimbursement for such a position is a village charge.
Your final question asks whether a Village Attorney (or other attorney) designated as an Assistant District Attorney under the above-cited Village Law is entitled to certain employment benefits (medical/hospital coverage, retirement rights, etc.) which are currently provided for county employees. As we stated, in 1958 Atty Gen [Inf Opns] 117 regarding the statutory language in question, "its purpose and intent was to permit a Village to pay a Village Attorney additional compensation for theadditional work of prosecution if he is designated an Assistant District Attorney." (Emphasis supplied.) Thus, the compensation for such extra work results from the designation of a Village Attorney or other attorney as an Assistant District Attorney for a particular case only. Under such circumstances, said attorney is not entitled to the benefits you have described which are presently provided for county employees. He may be entitled to certain benefits because of the village position he holds.