Dennis W. Jones, Esq. Town of French Creek Chautauqua County
This is in reply to your letter of August 30, 1979, wherein you ask for my opinion as to which public official is responsible for the enforcement of General Municipal Law, § 136. That section deals with the regulation of automobile junkyards in municipalities which have no ordinances or local laws controlling junkyards. Subdivision 15 of the section provides that violators shall be guilty of an offense. I assume by your inquiry that the Town of French Creek has no ordinance or local law controlling junkyards.
County Law, § 700 (1) provides that "it shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed * * *". However, it is my opinion that the District Attorney is not the exclusive public officer who is authorized to prosecute violations under General Municipal Law, § 136. I refer you to People v Czajka, 11 N.Y.2d 253 (1962), where the Deputy Town Attorney prosecuted a defendant for a traffic offense. In that case the Court of Appeals held: "It is no longer open to question that petty crimes or offenses of this nature may be prosecuted in courts of special sessions by administrative officers and attorneys other than the District Attorney."
Your attention also is called to People v Van Sickle, 13 N.Y.2d 61 at p 62 (1963), where the Court of Appeals stated in construing County Law, § 700 (1): "That statute does not necessarily mean that the District Attorney or his deputy must be physically present at every criminal hearing in the county. However, it means at least that the District Attorney, as the elected representative of the people and charged with this responsibility, must carry the responsibility and must set up a system whereby he knows of all the criminal prosecutions in his county and either appears therein in person or by assistant or consents to appearance on his behalf by other public officials or private attorneys."
Other opinions arriving essentially at the same conclusion have been given by the Attorney General (see, e.g., 1958 Atty Gen 117; 1959 Atty Gen [Inf] 246; 1962 Atty Gen [Inf] 66; 1962 Atty Gen [Inf] 74; 1963 Atty Gen [Inf] 122; 1965 Atty Gen [Inf] 118; 1966 Atty Gen [Inf] 116; 1966 Atty Gen [Inf] 125); and the opinion of the Attorney General, to the Superintendent of the New York State Police, dated August 29, 1979, a copy of which is enclosed.
It is my opinion that while the District Attorney of Chautauqua County is responsible for all prosecutions in that county, he may consent to have prosecutions for violations of General Municipal Law, § 136, conducted by an attorney designated by the Town Board of the Town of French Creek, provided, of course, that the District Attorney receives a report of all cases not personally handled by his office.