In the Matter of WILLIAM J. MURPHY, as Rensselaer County Executive, on Behalf of the County of Rensselaer, Petitioner, v M. ANDREW DWYER, JR., as Rensselaer County Judge, et al., Respondents.

Third Department, May 17, 1984

### APPEARANCES OF COUNSEL

*Marvin I. Honig, County Attorney (Gordon R. Mayo* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Peter G. Crary* and *William J. Kogan* of counsel), for M. Andrew Dwyer, Jr., respondent.

*Charles J. Wilcox, District Attorney (Richard L. Nabozny* of counsel), respondent *pro se.*

### OPINION OF THE COURT

WEISS, J.

Does section 701 of the County Law, which provides for court appointment of a Special Prosecutor when the District Attorney is absent from court or upon his disqualification from acting in a particular case at a term of court,

authorize such appointment when a District Attorney refuses, as a matter of policy adopted by him, to participate in an appeal from a conviction for violation of the Vehicle and Traffic Law? We think not and, for the reasons stated, grant the instant petition of the Rensselaer County Executive to the extent of vacating the order of Rensselaer County Court which appointed a Special Prosecutor to prepare a brief and argue an appeal by a defendant in the case entitled *People v Rediker* (97 AD2d 928). We decline, however, to grant that portion of the petition which seeks an order directing respondent Rensselaer County District Attorney to prepare a brief and argue the appeal in that case.

The facts are undisputed. Following a trial before the Brunswick Town Justice, Harry Rediker was found guilty of a violation of subdivision (a) of section 1163 of the Vehicle and Traffic Law for making an unsafe turn. A deputy sheriff prosecuted the case in the town's Justice Court. Rediker appealed to County Court of Rensselaer County and, when no opposing brief was filed, moved by order to show cause for vacatur of his conviction. While that motion was pending, the Brunswick Town Attorney obtained an order to show cause seeking an order requiring either the District Attorney or the County Attorney to file a brief and represent the People on the appeal. Holding that the District Attorney is not required to prosecute either traffic offenses or appeals, that the Town Attorney and County Attorney do not handle criminal proceedings under the mandate of their offices, and that the deputy sheriff who tried the case initially is not an attorney or trained to prepare a brief, County Court appointed a Special Prosecutor by order dated February 15, 1983 for the purpose of preparing a brief and arguing the appeal in the Rediker case. Petitioner commenced the instant CPLR article 78 proceeding, which he characterizes to be in the nature of certiorari, and which the Attorney-General, representing the County Court Judge, considers to be in the nature of prohibition and mandamus.

While subdivision 1 of section 700 of the County Law clearly and without ambiguity states that "[i]t shall be the duty of every district attorney to conduct all prosecutions

for crimes and offenses cognizable by the courts of the county for which he shall have been elected or appointed", there is nonetheless substantial precedent and authority holding that a District Attorney enjoys wide latitude and discretion to allocate and utilize both the manpower and resources of his office in the manner believed to be most effective to the discharge of his duties (*People v Peterson,* 91 Misc 2d 407, 411; *People v Bowman,* 88 Misc 2d 50). Thus, it is well settled that the District Attorney's office need not prosecute every violation or offense (34 Opns St Comp, 1978, 69, 70; 1969 Opns Atty Gen 54, 55). Indeed, it is no longer open to question that petty crimes or offenses may be prosecuted in courts of special sessions by administrative officers and attorneys other than the District Attorney (*People v Czajka,* 11 NY2d 253, 254). Petitioner, nevertheless, citing *People v Pacella* (47 AD2d 711), *People v Pitsley* (37 AD2d 905), *People v Sinclair* (28 AD2d 183, 184-185) and *People v Wright* (22 AD2d 754, affd 16 NY2d 736, cert den 384 US 972), contends that the prosecution of appeals is distinguishable from minor violations and offenses, and that section 701 of the County Law is not here applicable. However, in each of those cases, the District Attorney participated in the initial prosecution and each involved felonies rather than traffic offenses. Under these circumstances, we cannot say that County Court erred in ruling that the District Attorney was not obligated to prepare a brief or argue the appeal. However, we do not find present either of the predicates required in section 701 of the County Law to authorize the order appointing a Special Prosecutor. The District Attorney's office was neither disqualified nor absent from court, and there is no provision in the statute for an appointment "in the interest of justice". This court has held that "section 701 of the County Law was never intended to permit anything other than transitory relief for an incumbent District Attorney who is prevented by illness, disqualification, or other cause, from carrying out the performance of his normal duties" (*Matter of Board of Supervisors v Aulisi,* 62 AD2d 644, 648, affd 46 NY2d 731; see, also, *Matter of Wilcox v Dwyer,* 73 AD2d 1016). Absent proof in this record sufficient to sustain the heavy burden of proving a District Attorney's disqualification or absence, it was error for

County Court to have ordered appointment of a Special Prosecutor.

Having held that there was no basis to either compel the District Attorney to participate in the appeal or to appoint a Special Prosecutor in his place, we conclude that there would be no impropriety in having the Rediker .appeal proceed without a brief or oral argument in opposition to defendant's position. County Court is able to render a decision upon the merits of that appeal.

The petition should be granted, without costs, to the extent that the order of County Court of Rensselaer County dated February 15, 1983 is vacated.

MAHONEY, P. J., KANE, MIKOLL and YESAWICH, JR., JJ., concur.

Petition granted, without costs, to the extent that the order of County Court of Rensselaer County dated February 15, 1983 is vacated.