Titone, J.
(dissenting). In holding that probation violation charges may be "presented” to the court by either the Probation Department or the District Attorney, or both, the majority has overlooked the important distinctions between the roles and responsibilities of those two law enforcement agencies. In the process, the majority has redefined the responsibilities of the District Attorney’s office in a manner that relieves it of the duty to represent the People’s interest in the important area of securing appropriate punishment for recidivist probationers. Since the conclusion the majority has reached is neither compelled by the relevant statutes nor supported by sound policy, we must, respectfully, dissent.
We note at the outset that what is at stake here is not the unquestionable right of the Probation Department to appear, by counsel or otherwise, at probation revocation proceedings, but rather the right of that agency to perform the function of prosecutor at such hearings. Although the majority refers to the Probation Department’s right to "participate as counsel” and some of the briefs submitted here and below suggest that the Department is merely seeking an enhancement of its *960 traditional role as advisor to the court, it is clear from the Department’s own submissions that it is asserting, quite forthrightly, a right to manage the prosecution, present and cross-examine witnesses and carry out all of the other functions that would otherwise be performed by a prosecutor. Indeed, the procedural history leaves little doubt about the nature of the activity at issue in this appeal. Petitioner had initially moved in the trial court for an order disqualifying the Probation Department attorney from appearing in a prosecutorial role and, upon denial of that motion, brought the present prohibition proceeding seeking the same specific, narrow relief. Thus, the issue squarely before us is whether, in the absence of the District Attorney, the Probation Department has the power to prosecute probation violations. On the merits of that issue, we would hold in petitioner’s favor, both as a matter of statutory interpretation and as a matter of public policy.
It is clear that the Probation Department cannot enter the proceedings as prosecutor pursuant to an informal agreement if the duty to conduct those proceedings on the People’s behalf is among the duties imposed on the District Attorney by County Law § 700 (1) and § 927 (see, Matter of Schumer v Holtzman, 60 NY2d 46).[1] However, the majority has concluded, based upon its construction of County Law § 700 (1) and § 927 in light of the definitional provisions of the Criminal Procedure and Penal Laws (CPL 1.20 [16], [18], [31]; Penal Law § 10.00 [1], [6]), that the District Attorney’s obligations under the former do not include appearing at probation revocation hearings because such hearings are not "criminal actions” (see, CPL 1.20 [16], [31]) and, further, because "[a] violation of probation giving rise to revocation proceedings is not a 'crime’ or 'offense’ ” within the meaning of Penal Law § 10.00 (1) and (6) (majority mem, at 959). Neither of these conclusions satisfactorily resolves the issue before us.
County Law § 700 (1) and § 927, which impose on the District Attorney "the duty * * * to conduct all prosecutions for crimes and offenses,” make no reference to "criminal actions” (CPL 1.20 [16]) or "criminal proceedings” (CPL 1.20 [18]). Consequently, the classification of probation revocation *961 proceedings as one or the other does not advance analysis.[2] Even more fundamentally, the majority’s conclusion that "[a] violation of probation giving rise to revocation proceedings is not a 'crime’ or 'offense’ ” within the meaning of County Law § 700 (1) and § 927 is unpersuasive. Probation revocation proceedings are conducted not to punish the offender for the charged violation, but rather to determine whether the offender should be punished more severely for the crime of which he was previously convicted.[3] Although the probation violation may be the occasion for the proceeding, it is the prior conviction, and not the violation, that "gives rise to” the proceeding. A probation revocation proceeding is, in actuality, a continuation of the original felony prosecution that the District Attorney initiated, and the District Attorney’s obligation to act as the People’s representative in that phase of the prosecution is part of his or her statutory duty "to conduct all prosecutions for crimes and offenses” (County Law § 700 [1]; § 927).
In a somewhat different context, this court observed that "[a] prosecution for crime, within the meaning of [the identical predecessor provision of the County Law], includes accomplishing the imposition of the punishment. All the means provided by law to bring the conviction, sentence and the adjudged punishment to a criminal offender constitute the prosecution for the crime committed by him” (Matter of Lewis v Carter, 220 NY 8, 15 [emphasis supplied]). While the Lewis holding is not dispositive here, the court’s analysis supports the conclusion that the prosecution of a crime includes not only pursuing the matter through trial or plea and imposition of a revocable probationary sentence, but also continued representation of society’s interest in obtaining appropriate punishment and, more specifically, advocacy of incarceration if, in *962 the District Attorney’s judgment, the defendant’s subsequent behavior demonstrates that probation was not an appropriate disposition.
This is not to suggest that because probation revocation matters fall within the District Attorney’s exclusive statutory duties, the District Attorney must litigate or even physically appear at every hearing. As is true for every aspect of a criminal prosecution, the District Attorney has broad discretion to determine the extent to and manner in which a particular criminal act should be prosecuted (see, e.g., People v Di Falco, 44 NY2d 482). Thus, the District Attorney, cognizant of his or her office’s limited resources, may determine that an individual probation violator does not pose a serious threat to society and that, as a consequence, vigorous prosecution of the violation is not warranted. In such a situation, the District Attorney may simply enter a formal written "appearance” but decline to participate or take an adversarial position. Alternatively, where the danger to society is deemed serious but the practical resources needed to prosecute are lacking, the District Attorney may, in accordance with law, deputize an attorney to prosecute the matter on the People’s behalf (see, Matter of Maisonet v Merola, 69 NY2d 965 [where Probation Department attorney was formally deputized for the purpose of prosecuting probation violation]). What is forbidden by our statutes is not the District Attorney’s exercise of discretion in favor of declining to physically appear or prosecute, but rather the informal delegation to another individual or agency of the exclusive prerogative to exercise such discretion (Matter of Schumer v Holtzman, supra). In other words, under County Law § 700 (1) and § 927, a District Attorney may or may not elect to prosecute, but no other arm of government may enter the proceeding or make that choice in his or her stead.[4]
The reasons for placing the responsibility exclusively in the District Attorney’s hands are underscored by the very arguments that respondents have made in this case. Respondents have argued that since CPL 410.70, which prescribes the *963 procedure for probation revocation hearings, does not specifically designate the District Attorney as the proper prosecuting party, the prosecution of a probation revocation charge may be conducted either by the District Attorney or the Department of Probation, whichever agency has the resources and an interest in pursuing the matter.[5] Indeed, the District Attorney here has asserted a right to "rely on the efforts of the Probation Department’s attorneys” to "conserve her own resources,” and the Probation Department has stated, quite candidly, that it has established an independent unit of attorneys to litigate violations on the Department’s behalf "to fill th[e] gap” created by the "general practice of the district attorneys of the five counties of the City of New York not to appear to litigate such charges on behalf of the State.”
However, to allow whichever agency has the better resources[6] or the most interest in the case to manage the prosecution is to open the door to precisely the type of inconsistent and conflicting policy determinations that undermine public confidence in the criminal justice system. Moreover, the suggestion implicit in the District Attorney’s argument here — that because of limited resources it is preferable in most cases to rely on the energy and commitment of another agency — seems an unacceptable derogation of the trust reposed in that office by the voters.
The District Attorney is a constitutional, elected officer (NY Const, art XII, § 13) charged by law with the responsibility to represent the People of the State of New York and to formulate prosecutorial policy. Formulating such policy includes not *964 only determining which crimes and offenders should be prosecuted (see, People v Mackell, 47 AD2d 209, 217-218, affd 40 NY2d 59), but also assessing, in light of available resources, the manner in and extent to which probationers, who remain within the trial court’s continuing jurisdiction after sentence (see, CPL 410.50 [1]; Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 410.20, at 255), should be punished in order to protect the public. In contrast, in our system, the role of the Probation Department, an unelected administrative agency, is to supervise probationers (see, CPL 410.50 [2]; Executive Law § 255 [2]), enforce the conditions of probation imposed by the sentencing court (9 NYCRR 352.3 [b] [1]), inform the court when a violation has occurred (9 NYCRR 352.3 [b] [2]) and provide information and assistance to the court charged with the ultimate duty of determining whether incarceration is necessary. The agency’s role is, in short, to administer the probation system evenhandedly and fairly. It is simply not the business of that agency to represent the People of the State of New York or to seek justice on their behalf by entering the probation revocation process as a litigant.
Dissatisfied as it may be with the low priority the District Attorney admittedly places on pursuing probation violators, the Probation Department cannot take it upon itself to fill the vacuum it perceives. Under our State’s system, it is the District Attorney’s office which has been vested with the exclusive authority to represent the People, and its duties may not be assumed nor its choice of priorities second-guessed by an administrative agency charged with the entirely separate responsibility of supervising probationers and enforcing the orders of the court.
For all of these reasons, we cannot agree that the District Attorney’s office and the Probation Department are entitled to shuffle the responsibility to prosecute probation violators between themselves simply as a discretionary matter "concerning the allocation of the resources of their respective offices,” as the District Attorney here has argued. And, since the majority’s conclusion is not required by the applicable statutes, we dissent and vote to reverse the Appellate Division order and grant the petition for an order prohibiting the Probation Department from acting as prosecutor in petitioner’s probation revocation hearing.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur; Judge Titone dissents and votes to reverse in an opinion in which Judge Alexander concurs.
Judgment affirmed, without costs, in a memorandum.

.Section 927 of the County Law applies to District Attorneys within the five counties of New York City, while section 700 applies to the District Attorneys in the other counties. The provisions are identical with regard to the District Attorney’s duty to prosecute crimes.

.Certainly, the majority does not intend to suggest that the District Attorney’s responsibilities terminate with the end of the "criminal action” as that term is defined in CPL 1.20 (16). That conclusion would lead to the unacceptable result that the District Attorney has no duty to represent the People in such postjudgment proceedings as appeals (but see, People v Pitsley, 37 AD2d 905; People v Wright, 22 AD2d 754, affd without opn 16 NY2d 736, cert denied 384 US 972) and motions to vacate brought under article 440 of the Criminal Procedure Law.

.Indeed, the proceedings are conducted under the caption and indictment number assigned to the original criminal action, and the sentence imposed upon revocation must be one that is authorized for the original crime, not for the criminal acts underlying the violation charge (see, CPL 410.70 [5]; Penal Law § 60.01).

.Even in People v Van Sickle (13 NY2d 61, 62-63), which involved the prosecution of a misdemeanor assault charge by a lay complaining witness, a majority of this court agreed that the County Law "does not necessarily mean that the District Attorney or his deputy must be physically present at every criminal hearing [; but] it [does mean] that * * * the District Attorney, as the elected representative of the people * * * must carry the responsibility [imposed by the statute] and must set up a system whereby he knows of all the criminal prosecutions in his county.”

.A more plausible interpretation would be that the Legislature did not contemplate the presence of a prosecuting attorney at all at these "summary” proceedings (see, CPL 410.70 [3], [4]). If that were the case, however, there would be even further reason to reject the Probation Department’s present effort to appear in a prosecutorial role.

.The District Attorney’s brief refers to a "dramatic decline of the effectiveness of probation as a meaningful alternative to incarceration”, due in large measure to staff reductions in the Probation Department and probation officers’ "unmanageable” caseloads. The assertion that "thousands of probationers went virtually unsupervised and an astounding number of them continued to commit crimes” seems more than a little ironic, in view of the present claim that the Probation Department, and not the District Attorney, is pragmatically better equipped to prosecute violations. If, as the District Attorney suggests, the lack of adequate probation supervision is a major cause of recidivism, one can only hope that the Probation Department has taken steps to ensure that its supervisory staff is sufficient to perform that primary function before dedicating its resources to hiring attorneys for the purpose of prosecuting violators.