OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, without costs.
*966 Petitioner sought a writ of prohibition pursuant to CPLR article 78 preventing respondents from proceeding with further prosecution of charges of robbery and assault. He contends that such prosecution is barred by both common-law and constitutional collateral estoppel based on a finding in a prior probation revocation proceeding that the Department of Probation failed to prove by a preponderance of the evidence that petitioner had violated his probation by committing the acts underlying the robbery and assault charges. Although the petitioner in this case alleges that his prosecution should be barred by constitutional collateral estoppel, on the face of the petition it is clear that petitioner does not raise a "substantial” claim (cf, Matter of La Rocca v Lane, 37 NY2d 575, 581) of double jeopardy. Thus, the only "substantial” allegation raised in the petition is whether common-law collateral estoppel would bar his prosecution. We hold that under these circumstances, the Appellate Division properly dismissed the petition.
"[T]he extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court * * * acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction” (Matter of Rush v Mordue, 68 NY2d 348, 352). Use of the writ is restricted, especially in criminal cases, "to prevent incessant interruption of pending judicial proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings” (Matter of Rush v Mordue, supra, at 353). To allow "premature appellate review of issues properly reviewable in the regular appellate process would serve only to frustrate the speedy resolution of disputes and to undermine the statutory and constitutional schemes of ordinary appellate review” (Matter of Rush v Mordue, supra). Because petitioner’s claim of collateral estoppel does not implicate the legality of the entire proceeding (cf., Matter of Rush v Mordue, supra) and it is the type of claimed error which may be properly reviewed during the regular appellate process (see, People v Fagan, 66 NY2d 815, 816), dismissal was proper.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, without costs, in a memorandum.