Stephen L. Oppenheim, Esq. Village Attorney, Monticello
You have asked, where a private citizen files a criminal complaint resulting from a violation of a village law, whether the complainant's personal attorney may act as the prosecuting attorney.
Under section 700(1) of the County Law, the district attorney has responsibility to conduct all prosecutions of crimes and offenses cognizable by the courts of the county. It has long been recognized, however, that the district attorney and his assistants need not personally prosecute every offense committed within their jurisdiction (People v Van Sickle, 13 N.Y.2d 61 [1963]; People v Czajka, 11 N.Y.2d 253
[1962]). Petty crimes and offenses may be prosecuted by administrative officers of a local government and by attorneys (ibid.). The district attorney, however, by law has the responsibility for prosecution of all crimes and offenses and, therefore, must set up a system whereby he knows of all criminal prosecutions in the county and consents to appearances on his behalf by other public officials or private attorneys (People v VanSickle, supra; 1979 Op Atty Gen 28; 1979 Op Atty Gen [Inf] 245). Thus, a private attorney may act as the prosecuting attorney under a system established by the district attorney.
You also ask whether the village attorney has discretion to refuse to prosecute criminal complaints resulting from alleged violations of village laws. If the district attorney has consented to his appearance as described above, a village attorney may exercise such discretion. Moreover, it is within the village's authority to authorize the village attorney to undertake these prosecutions in accordance with the standards set forth above.
We conclude that a private attorney or a village attorney may prosecute offenses, provided that the district attorney has set up a system whereby he knows of all criminal prosecutions in the county and consents to appearances on his behalf by other public officials or private attorneys.