Requestor: John W. Vogel, Town Attorney Town of Dansville 125 Main Street Dansville, New York 14437
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have requested an opinion as to who has responsibility for enforcement of the provisions of section 136 of the General Municipal Law.
Section 136 establishes a scheme for the local regulation and licensing of junkyards. Violations of the provisions of this section are classified as offenses punishable by fines not exceeding $100 (General Municipal Law, § 136[15]). You inquire whether the enforcement of these provisions is the responsibility of the district attorney's office, the office of town attorney or the State. In a previous opinion of the Attorney General we considered the district attorney's responsibility to prosecute crimes and offenses (1986 Op Atty Gen [Inf] 123).
 "Under section 700(1) of the County Law, the district attorney has responsibility to conduct all prosecutions of crimes and offenses cognizable by the courts of the county. It has long been recognized, however, that the district attorney and his assistants need not personally prosecute every offense committed within their jurisdiction (People v Van Sickle, 13 N.Y.2d 61 [1963]; People v Czajka, 11 N.Y.2d 253
[1962]). Petty crimes and offenses may be prosecuted by administrative officers of a local government and by attorneys (ibid.). The district attorney, however, by law has the responsibility for prosecution of all crimes and offenses and, therefore, must set up a system whereby he knows of all criminal prosecutions in the county and consents to appearance on his behalf by other public officials or private attorneys (People v Van Sickle, supra; 1979 Op Atty Gen [Inf] 28, 245)."
Thus, a municipal attorney may be given responsibility for the prosecution of violations of section 136 of the General Municipal Law provided that the district attorney has consented to appearances on his behalf and has set up a system whereby he is kept aware of all criminal prosecutions in the county. Under the above-cited case law, there is no requirement that the municipal attorney take an oath of office in order to represent the people in such prosecutions.
We conclude that with the knowledge and consent of the district attorney, a town attorney may prosecute violations of section 136
of the General Municipal Law dealing with junkyards.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.