Requestor: Honorable Robert H. Lee, Mayor Village of Watkins Glen 303 Franklin Street Watkins Glen, New York 14891
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a person may serve simultaneously as village attorney and as district attorney.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Under section 700(1) of the County Law, the district attorney has responsibility to conduct in the county all prosecutions of crimes and offenses. The village attorney is the legal adviser to the village and may be given responsibility for commencing actions to enforce the provisions of local regulations.*
It has long been recognized that the district attorney and his assistants need not personally prosecute every offense committed within their jurisdiction (People v Van Sickle, 13 N.Y.2d 61 [1963]; People v Czajka,11 N.Y.2d 253 [1962]). Petty crimes and offenses may be prosecuted by municipal attorneys, other local officers and private attorneys (ibid.). The district attorney, however, has general responsibility for the prosecution of all crimes and offenses.
We believe that where a village attorney is given responsibility for the prosecution of violations of village regulations, he may not also serve as district attorney. Under these circumstances, the village attorney and the district attorney would have different roles, which we believe would be in conflict. The district attorney, with his overall responsibility for prosecution of all crimes and offenses in the county, is responsible for the exercise of broad prosecutorial discretion. A village attorney, with more limited responsibility for prosecution of violations of local regulations, has a narrower focus and is subject to the general supervision of the district attorney. We believe that the village attorney, with respect to the prosecution of local regulations, is subordinate to the district attorney and, therefore, the two positions are incompatible.
We conclude that a village attorney, with responsibility for the enforcement of violations of village regulations, may not also serve as district attorney.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* A village may authorize reasonable compensation to the village attorney for the prosecution of violations of village regulations provided that the village attorney has been designated an assistant district attorney (Village Law, § 20-2010[2]).