Requestor: David Foster, Esq., County Attorney Yates County P.O. Box 143 Geneva, New York 14456
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has asked whether the offices of district attorney and assistant county attorney assigned exclusively to juvenile delinquency and PINS proceedings are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
A county attorney must prosecute and defend all civil actions and proceedings brought by or against the county. County Law § 501. An assistant county attorney must perform the official duties of the county attorney as may be directed by that official. Id., § 502(2). In the absence or incapacity of the county attorney, the assistant county attorney carries out the duties of the office of county attorney. Id.,
§ 502(3). If there is more than one assistant county attorney, the county attorney must designate the order in which the assistant county attorneys are to carry out the duties of the county attorney in the event of his absence or incapacity. Id., § 502(5).
Your office has advised us that the individual in question has not been designated as one of the assistant county attorneys who assumes your duties in the event of your absence or incapacity. Her duties are limited to representing the county attorney's office in Family Court matters — i.e., juvenile delinquency and PINS proceedings.
The district attorney has the primary responsibility for the prosecution of criminal offenses in the county. County Law § 700.* In addition, the district attorney is responsible for enforcing section406 of the County Law. Section 406 requires that all county officers whose official duties include the collection of fines, penalties, fees or other moneys belonging to the county must file an annual report setting forth the nature and amount of the moneys so collected. County Law § 406(1). If a county official refuses or neglects to file a required report, subdivision 2 of section 406 imposes a penalty of $100 "to be recovered by the district attorney in an action brought in the name of the county". County Law § 406(2).
Based on the district attorney's responsibilities under section 406, and the county attorney's role as legal adviser to all county officials, including the district attorney, we concluded in a recent opinion that the offices of county attorney and district attorney are incompatible. Op Atty Gen No. 91-45. That finding is distinguishable from the immediate situation where the district attorney serves a more limited role, as assistant county attorney. You have informed us that apart from her role as counsel in PINS and juvenile delinquency proceedings, the assistant county attorney does not act as legal adviser to county officials.
Furthermore, the duty to enforce section 406 of the County Law as district attorney is largely ministerial and does not involve the exercise of prosecutorial discretion. The district attorney's responsibilities under section 406 are not enough, standing alone, to create an incompatibility with the office of assistant county attorney.
The only area where the duties of these two offices overlap occurs in the prosecution of juvenile offenders. Under certain circumstances, set forth in the Criminal Procedure Law, the district attorney has the discretion to request that a criminal proceeding against a juvenile offender be removed from the criminal court and tried in Family Court. CPL §180.75(4); see, CPL §§ 190.71, 210.43, 220.10, 310.85,330.25, 725.00, et seq. The district attorney also has discretion to oppose a motion by defense counsel to remove a proceeding to Family Court. CPL § 180.75(5). Once removed to Family Court, the defendant is prosecuted as a juvenile delinquent by means of a petition brought by the county attorney's office. Family Court Act § 731.
We do not believe that these duties are incompatible. The decision to remove a criminal proceeding to Family Court is made by the Court based on statutory criteria. The county attorney plays no role in that determination.
We believe the dual roles of criminal prosecutor and Family Court prosecutor are consistent. Furthermore, there is no opportunity for the district attorney to benefit personally from the exercise of the discretion to seek removal of cases.*
Finally, we note that the assistant county attorney's role with regard to PINS proceedings does not create a conflict with the duties of district attorney. PINS proceedings involve children who are accused of being incorrigible, ungovernable, habitually disobedient and beyond control. FCA § 712. These proceedings are handled solely by the county attorney's office, leaving no potential for conflict with the duties of the district attorney.
We conclude that the positions of district attorney and assistant county attorney responsible for PINS and juvenile delinquency proceedings are compatible.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
* Some petty offenses may be prosecuted by municipal attorneys, local officers or private attorneys acting pursuant to a delegation from the district attorney. People v Van Sickle, 13 N.Y.2d 61 (1963); People vCzajka, 11 N.Y.2d 253 (1962). In addition, various State agencies have the authority to prosecute particular offenses.
* The Family Court Act also provides that the district attorney may elect to prosecute removed cases in Family Court. Family Court Act §254-a. In addition, if the removed case is based on allegations of sexual abuse, the district attorney must participate. FCA, § 254(b); 1975 Op Atty Gen (Inf) 92.