Anthony J. Geraci, Esq. Informal Opinion Village Attorney No. 96-31 Village of Penn Yan 315 Main Street Penn Yan, N Y 14527-0384
Dear Mr. Geraci:
You have asked, in the event that the board of trustees of a village does not authorize the village attorney, code enforcement officer or other village officers to prosecute violations of village laws and regulations, whether the district attorney is required to prosecute these violations.
The district attorney has responsibility to conduct prosecutions of crimes and offenses occurring within the county. County Law §700(1). It has been recognized, however, that the district attorney and his assistants need not personally prosecute every offense committed within their jurisdiction. People v. Van Sickle, 13 N.Y.2d 61 (1963);People v. Czajka, 11 N.Y.2d 253 (1962). To fulfill his prosecutorial responsibility, the district attorney can make arrangements whereby he knows of all prosecutions in the county and consents to appearances on his behalf. People v. Van Sickle, supra; 1979 Op Atty Gen 28; 1979 Op Atty Gen (Inf) 245. Thereafter, "[p]etty crimes and offenses" may be prosecuted, for example, by local officers, municipal attorneys, police officers and private attorneys. People v. Van Sickle, supra; People vCzajka, supra; 1979 Op Atty Gen 28.
We note that section 20-2006(2) of the Village Law authorizes the board of trustees of a village to grant to a village attorney or other attorney the responsibility to prosecute violations of village regulations and authorizes reasonable compensation for this service. Informal Opinion No. 86-61.
The prosecution of violations of local regulations by local officials and others may be necessitated by the limited resources of the district attorney's office. The district attorney has wide discretion in the prosecution of offenses occurring within the county and may determine that effective use of his or her office's resources does not permit prosecution of local regulations by assistant district attorneys. 1958 Op Atty Gen 117, 119. The resources of the district attorney's office may be fully required in the investigation and prosecution of serious offenses occurring within the county. Under these circumstances, it may be necessary to rely upon local officials, such as municipal attorneys, to prosecute violations of local regulations of a particular municipality.
We conclude that the district attorney is not required to prosecute violations of village local regulations. The district attorney may determine, in consideration of available office resources, that it is necessary to concentrate on prosecution of serious crimes.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions