Tal G. Rappleyea, Esq. Informal Opinion Special Counsel No. 96-43 Town of Kinderhook 112 State Street Albany, N Y 12207
Dear Mr. Rappleyea:
You informed us that recently you were appointed as a member of a panel of three special counsels serving in the Town of Kinderhook in Columbia County. Members of the panel will replace the town attorney, planning board attorney or zoning board attorney when they are not available to serve due to conflicts of interests or other disqualifications. You have indicated that you are also an assistant district attorney in Columbia County and have been assigned to prosecute petty offenses and misdemeanors in the Town of Kinderhook. Your inquiry is whether these two positions are incompatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, in instances where the positions are compatible, a conflict of interests may arise out of the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
Returning to your inquiry, one position is not subordinate to the other, leaving us with the question as to whether the duties of the two positions are inconsistent. Under section 700(1) of the County Law, the district attorney has responsibility to conduct the prosecution of all crimes and offenses occurring in the county. It has long been recognized, however, that the district attorney and his assistants need not personally prosecute every offense committed within their jurisdiction. 1996 Op Atty Gen (Inf) No. 96-31; People v. Van Sickle,13 N.Y.2d 61 (1963); People v Czajka, 11 N.Y.2d 253 (1962). Under arrangements made by the district attorney, petty crimes and offenses may be prosecuted by administrative officers of a local government, including the attorneys for the local government. People v. Van Sickle, 13 N.Y.2d 61,supra; People v. Czajka, 11 N.Y.2d 253, supra. It follows, therefore, that there is no conflict of duties when a municipal attorney such as the town attorney, planning board attorney or zoning board attorney is given the responsibility to prosecute violations of local laws in addition to their regular municipal duties. Also, we note that under section20-2006 of the Village Law a village attorney may be designated by the district attorney as an assistant district attorney for purposes of prosecuting violations of village ordinances and local laws. This provision illustrates that the Legislature did not consider the duties of an assistant district attorney and a village attorney to be incompatible. A parallel can be drawn to the town position in issue and the position of assistant district attorney with responsibility for prosecuting petty offenses and misdemeanors in the town.
We conclude that compatibility exists as to the positions of assistant district attorney and member of a panel of three special counsels, the purpose of which is to substitute for the town attorney, planning board attorney, or zoning board attorney in the event any are not available to serve due to conflicts of interests or other disqualifications.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions