■ In the Matter of DAVID THORPE, Petitioner, v WILLIAM M. ERLBAUM, as Justice of the Supreme Court of the State of New York, et al., Respondents. [662 NYS2d 531] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondents from retrying the petitioner under Queens County Indictment No. 767/92 on the ground of double jeopardy and application for leave to proceed as a poor person.

Upon the petition, the papers filed in support of the proceeding and motion, and the papers filed in opposition thereto, it is

Ordered that the application for leave to proceed as a poor person is granted; and it is further,

Adjudged the petition is denied and the proceeding is dismissed, without costs or disbursements.

It is well settled that "the extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court (if a court is involved) acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (Matter of Rush v Mordue, 68 NY2d 348, 352). Prohibition is not available to obtain "premature appellate review of issues properly reviewable in the regular appellate process" (Matter of Rush v Mordue, supra, at 353).

"Because, petitioner's claim of collateral estoppel does not implicate the legality of the entire proceeding (cf., Matter of Rush v Mordue, supra) and it is the type of claimed error which may be properly reviewed during the regular appellate process", the remedy of prohibition does not lie and the petition should be dismissed (Matter of Maisonet v Merola, 69 NY2d 965, 966). Miller, J. P., Thompson, Joy and Luciano, JJ., concur.