Connie Fern Miller, Esq. Informal Opinion Village Attorney No. 97-52 Village of Watkins Glen 601 North Decatur Street Watkins Glen, N Y 14891
Dear Ms. Miller:
You have asked whether a district attorney, citing a conflict of interests, may refuse to prosecute violations of a village's local law, thereby forcing the village either to hire outside counsel or have its own enforcement officer prosecute the case.
You have attached correspondence which further defines the issue. In your April 25, 1997 letter to the district attorney, you cite section 700
of the County Law, which provides that the district attorney has the duty to conduct all prosecutions for crimes and offenses cognizable by the courts of the county. Based on this provision you conclude that the prosecution of a violation of a village local law is a required duty of the office of district attorney. You state that as village attorney you have no authority to prosecute any case and suggest that if the district attorney has a conflict of interests the proper procedure is appointment of a special district attorney, as prescribed by County Law § 701.
The district attorney, in an April 14, 1997 letter to the mayor of the village, explains that as a courtesy his office has prosecuted violations of village local laws but for various reasons, including a conflict of interests, he may not be able to perform this service. In the April 14 letter the district attorney explains that in the case at hand his office has a conflict of interests and, therefore, he is permitting village officials to prosecute this matter. The district attorney concludes his letter by indicating his willingness to continue prosecuting violations of local laws on behalf of the village in the future, where there is no conflict.
In an April 29, 1997 letter to you, the district attorney cites an opinion of this office and decisions of the Court of Appeals for the proposition that section 700 of the County Law has been construed to allow the district attorney to delegate authority to prosecute violations of local laws to municipal attorneys and other local officials.
In a recently issued informal opinion (No. 96-31) the issue was whether the district attorney is required to prosecute violations of village local laws and regulations. As you will see, it has been long established that the district attorney's office need not prosecute every offense committed within the county. Id., citing, People v. Van Sickle,13 N.Y.2d 61 (1963); People v. Czajka, 11 N.Y.2d 253 (1962). The district attorney can fulfill his prosecutorial responsibilities by making arrangements whereby he knows of all prosecutions in the county and consents to appearances on his behalf. Op Atty Gen (Inf) No. 96-31. Under these arrangements, petty crimes and offenses may be prosecuted by local officers, municipal attorneys, police officers and other local enforcement officials. Id.
We note that under section 20-2006(2) of the Village Law the board of trustees of a village may grant to a village's attorney responsibility to prosecute violations of village local laws and regulations and may provide reasonable compensation for this service. See, Op Atty Gen (Inf) Nos. 96-31, 86-61. In our recent opinion, we reasoned that prosecutions by local officials and other local enforcement officers of violations of local regulations may be necessitated by the limited resources of the district attorney's office. Op Atty Gen (Inf) No. 96-31. We noted that the district attorney has wide discretion in the prosecution of offenses and may determine that effective use of his office's resources does not permit prosecution of local regulations by his office's personnel. Id.
 The resources of the district attorney's office may be fully required in the investigation and prosecution of serious offenses occurring within the county. Under these circumstances, it may be necessary to rely upon local officials, such as municipal attorneys, to prosecute violations of local regulations of a particular municipality. Id.
We concluded in our 1996 opinion that the district attorney is not required to prosecute violations of village local laws and regulations. The district attorney may determine, in consideration of the available resources of his office, that it is necessary to concentrate on prosecution of serious crimes occurring within the county.
Therefore, we believe that the view of the district attorney of your county is consistent with our prior opinions and decisions of the Court of Appeals. The district attorney has indicated his willingness to continue prosecuting violations of village local laws on behalf of the village in that his assistant district attorneys are conveniently present in the village court. The district attorney's judgment that in a particular case his office has a conflict of interests and is not able to prosecute on behalf of the village is consistent with established case law recognizing his broad prosecutorial discretion. In this situation, the district attorney has agreed to authorize officials of the village to prosecute on his behalf, a decision which clearly is authorized under the above-cited decisions of the Court of Appeals and the 1996 opinion of the Attorney General.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions