Informal Opinion No. 98-14 John Carmody, Esq. Deputy County Attorney County of Putnam 40 Gleneida Avenue Carmel, New York 10512
Dear Mr. Carmody:
You have requested our opinion as to who has responsibility for prosecuting violators of Putnam County's mechanical trade laws. You have explained that violations of these trade laws have been designated as either misdemeanors or violations and are subject to a fine and/or imprisonment.
Under section 700(1) of the County Law, the district attorney has responsibility to conduct all prosecutions of crimes and offenses cognizable by the courts of the county. It has long been recognized, however, that the district attorney and his/her assistants need not personally prosecute every offense committed within their jurisdiction.People v. Soddano, 86 N.Y.2d 727 (1995); People v. Van Sickle, 13 N.Y.2d 61
(1963); People v. Czajka, 11 N.Y.2d 253 (1962). Petty crimes and offenses may be prosecuted by administrative officers of a local government and even by private attorneys. Id. The district attorney, however, by law has the responsibility for prosecution of all crimes and offenses and, therefore, must set up a system whereby he or she knows of all criminal prosecutions in the county and consents to appearances on his/her behalf.People v. Van Sickle, supra; Op Atty Gen (Inf) No. 92-70; Op Atty Gen (Inf) No. 90-11; 1989 Op Atty Gen (Inf) 167; 1986 Op Atty Gen (Inf) 123; 1983 Op Atty Gen (Inf) 167; 1979 Op Atty Gen (Inf) 245. Accordingly, a county attorney may act as the prosecuting attorney under a system established by the district attorney.1 However, it should be noted that the duties of a county attorney are enumerated in County Law § 501
and that the county attorney may only perform additional duties "as may be prescribed by law and directed by the board of supervisors." County Law § 501(3).
We conclude that a county attorney, with the proper grant of authority, may prosecute violators of Putnam County's mechanical trade laws, provided that the district attorney has set up a system whereby he or she knows of all criminal prosecutions in the county and consents to appearances on his or her behalf by the county attorney.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
YVONNE M. HOVE
Assistant Attorney General