■ In the Matter of BRIAN K. BUGGE, Petitioner, v ANTHONY R. CORSO et al., Respondents. [682 NYS2d 887] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, *inter alia*, to preclude the respondents from continuing a criminal prosecution against the petitioner under Suffolk County Indictment No. 1437-97.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available

only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Matter of Rush v Mordue,* 68 NY2d 348, 352). Prohibition is not available to obtain "premature appellate review of issues properly reviewable in the regular appellate process" (*Matter of Rush v Mordue, supra,* at 352). Because the petitioner's claim may be properly reviewed on direct appeal from a judgment entered against him, the remedy of prohibition does not lie and the petition is dismissed (*see, Matter of Maisonet v Merola,* 69 NY2d 965, 966). Miller, J. P., Ritter, Altman and McGinity, JJ., concur.