Matter of Patouhas v Murphy (2018 NY Slip Op 05848)





Matter of Patouhas v Murphy


2018 NY Slip Op 05848


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-05279
2016-05345
 (Index No. 1246/16)

[*1]In the Matter of Philip J. Patouhas, et al., appellants,
v
Brian A. Murphy, et al., respondents-respondents, et al., respondent.


Philip J. Patouhas, Rye, NY, appellant pro se and for appellant Patouhas Realty Ltd.
Kathleen E. Gill, Corporation Counsel, New Rochelle, NY (Dawn M. Warren of counsel), for respondents-respondents Brian A. Murphy, Edward Lammers, Stecich, Murphy and Lammers, LLP, and City of New Rochelle.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John M. Collins and Steven A. Bender of counsel), for respondent-respondent Janet DiFiore.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Rolf M. Thorson, J.), entered March 31, 2016, and (2) an amended order and judgment (one paper) of the same court entered April 4, 2016. The amended order and judgment granted the motion of the City of New Rochelle pursuant to CPLR 3211(a) and 7804(f) to, in effect, dismiss the petition, and dismissed the proceeding.
ORDERED that the appeal from the order and judgment entered March 31, 2016, is dismissed, as that order and judgment was superseded by the amended order and judgment entered April 4, 2016; and it is further,
ORDERED that the amended order and judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In a letter dated April 20, 2010, Janet DiFiore, who was then the Westchester County District Attorney, authorized Brian Murphy, sued herein as Brian A. Murphy, as "City Prosecutor for the City of New Rochelle," to prosecute violations of the New York State Uniform Fire Prevention and Building Code (hereinafter the code) (see Executive Law article 18; 19 NYCRR chapter 33). In 2015, Murphy began prosecuting an action (hereinafter the underlying action) in the City Court of the City of New Rochelle in which it was alleged that the petitioner Patouhas Realty, Ltd., violated Section 302.1 of the Property Maintenance part of the code (see 19 NYCRR 1226.1) by failing to maintain the exterior portion of its real property in a clean, safe, and sanitary condition.
The petitioners then commenced this proceeding pursuant to CPLR article 78, inter [*2]alia, to prohibit the respondents from proceeding with the prosecution of the underlying action. In an order and judgment entered March 31, 2016, and thereafter an amended order and judgment entered April 4, 2016, the Supreme Court granted the City's motion pursuant to CPLR 3211(a) and 7804(f), in effect, to dismiss the petition, and dismissed the proceeding. The petitioners appeal.
"The extraordinary remedy of prohibition is available only where a judicial or quasi-judicial body acts or threatens to act without or in excess of its jurisdiction and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted" (Matter of Allen B. v Sproat, 23 NY3d 364, 375 [internal quotation marks omitted]). "When a prosecutor represents the public in bringing those accused of crime to justice, he [or she] may be viewed as performing a quasi-judicial function and properly be subject to an article 78 proceeding in the nature of prohibition" (Matter of Schumer v Holtzman, 60 NY2d 46, 51). Here, however, contrary to the petitioners' contention, Murphy was authorized to conduct the prosecution of the underlying action (see People v Soddano, 86 NY2d 727, 728; People v Czakja, 11 NY2d 253, 254; Matter of Sedore v Epstein, 56 AD3d 60, 63).
The petitioners' remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the City's motion pursuant to CPLR 3211(a) and 7804(f) to, in effect, dismiss the petition, and dismissing the proceeding.
In light of our determination, we need not reach the City's remaining contention.
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court